JUDGE HARDIN
delivered the opinion oe the court:
The purpose of this suit in equity was to restrain the appellee by an injunction from the commission of trespasses and injuries on the property of the appellant, by throwing down and removing the fencing of a tract of land owned by him and in his possession.
The petition alleges that the defendant had already repeatedly thrown down the fencing, and, on one occasion, had removed a portion of it and converted it to his own use, and that he had announced his intention to continue the commission of like trespasses; that the defendant was insolvent, and would, as the plaintiff believed, continue to destroy and throw down his fence and haul off the rails, unless enjoined from doing so; and that, by a continuance of said trespasses and injuries, great and irreparable injury and damage would be done him.
An injunction was temporarily granted on the filing of the petition. The defendant, without controverting the *464 statements of the petition, appeared and moved the court to discharge the injunction; and while this motion was under advisement, the plaintiff produced and offered to file an amended petition, setting forth additional reasons for apprehending a continuation of the wrongful acts of the defendant complained of in the petition.
Upon an objection of the defendant, the court refused to allow the amended petition to be filed, and discharged the injunction and dismissed the action.
It must be inferred that the amended petition was rejected on the supposition that the facts therein disclosed did not, in conjunction with the averments of the petition, constitute a ground of relief by injunction.
The uncontroverted statements of the petition and amended petition seem to us to disclose a malignant determination on the part of the appellee to persist in harassing and injuring the appellant by trespasses on his property, while his insolvency would prevent the redress which the law would otherwise afford to the appellant.
This appeal, therefore, involves the inquiry whether a court of equity can, in any case, interfere to prevent the commission of mere trespasses to property.
Although the provisions of section 299 of the Civil Code, to which we have been referred, do not, in our opinion, enlarge the general jurisdiction of the chancellor to restrain the commission or continuance of an act which would produce irreparable injury to the plaintiff; and though, as a general rule, as intimated by this court in the case of the Trustees of Paris vs. Berry (8 J. J. Marshall, 483), the chancellor will not enjoin a trespass, yet where, as in this case, according to the facts alleged, the plaintiff has cause to apprehend the commission of repeated and successive trespasses by an irresponsible party — from whom no adequate compensation can be *465 obtained in an action at law — it seems to us there can be no doubt of the power of a court of equity to interpose.
In Story’s Equity Jurisprudence (vol. 2, sec. 928) it is said, in reference to this class of cases: “ If, indeed, courts of equity did not interfere in cases of this sort, there would, as has been truly said, be a great failure of justice in the country.”
Indeed, without regard to the alleged insolvency of the defendant, as the other facts alleged disclose a determined purpose on his part to persist in perpetrating the unlawful acts complained of, thus rendering redress at law only obtainable by a multiplicity of suits, and, probably, without any sufficient compensation for the vexation, expense, and trouble attending their prosecution, we are of the opinion that the chancellor had power to enjoin the mischief, in order to prevent op- ■ pressive litigation — the principle of equitable jurisdiction being, that where there is no adequate remedy at law, the chancellor must take jurisdiction, or otherwise the damage would be irreparable.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.