CASE 37—PETITION EQUITY—SEPTEMBER 23.

# Ellis v. Wren.

APPEAL FROM KENTON CHANCERY COURT.

1. CONSTANT TRESPASSES BY ONE ON THE PROPERTY OF ANOTHER MAY
   BE ENJOINED by the chancellor when the party injured has no ade-
   quate remedy at law; and the fact that redress can alone be had by a
   multiplicity of actions at law for similar and continued trespasses

Ellis v. Wren.

upon the property, presents strong grounds in favor of the jurisdiction of a court of equity.

2. STONE IS A PART OF THE REALTY AND PASSES WITH IT, although it has been gathered up on the land by the owner or his tenants, so as to enable the land to be cultivated.

3. THE DUTY OF A CURATOR to whom the estate of a decedent has been intrusted pending the question of will or no will, is confined alone to the preservation of the estate, and while he can sell such perishable goods as the county court may order to be sold and, no doubt, may take possession of the real estate under an order of court, when its control and possession are with the executor, he has no power to sell the realty or any thing that is part thereof, although the will may invest the executors with full power to do so..

SIMMONS & SCHMIDT FOR APPELLANT.

PHELPS & GREEN FOR APPELLEE.

(Briefs not in record.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action in equity instituted by the owner of a tract of land against the tenant in possession, asking that the latter be enjoined from hauling stone off the land and appropriating it to his own use. It is alleged, in substance, that the appellee (the tenant) has, from day to day, been hauling stone from the premises, and will continue to do so, causing great and irreparable injury to the estate unless prevented by the chancellor; that said stone is of great value to his land for building and fencing purposes, there being no timber upon it, and of more value to the appellant than it could be sold for, etc. On the final hearing the petition was dismissed, from which this appeal is prosecuted.

The question first raised is as to the power of the chancellor to grant relief in such a case as this. Constant and continuing trespasses by one on the property of another may be prevented by the chancellor when

he sees from the petition and proof that the party injured has no adequate remedy at law; and the fact that redress can alone be had by a multiplicity of actions at law, for similar and continued trespasses upon the property, presents strong grounds in favor of the jurisdiction of a court of equity. (Musselman v. Marquis, 1 Bush, 463.)

The extent of the damages sustained by the appellant, and the ability of the appellee to respond to and satisfy any judgment that might be rendered against him, are questions not necessary to be determined. If the statements in the petition are true, the injunction should have been made perpetual. James Arnold, at his death, left a last will, by which he invested his executors with full power to sell and convey any of his real estate. The question of will or no will seems to have been made by some of the devisees, and the esstate, during the litigation, placed in the hands of a curator. Stephens, the first curator, made a contract by which the appellee rented the land for the year 1882, with the privilege of removing therefrom as much loose stone as he might choose, and Stephens resigning, and L. A. Armstrong being appointed in his stead, the appellee made a similar contract with him for the year 1883, and during this last term the appellee undertook to remove the stone. The will being established, the executor sold this land to the appellant, executing to him a deed therefor, and on the 6th of October, 1883, this petition was filed. Some of the stone taken was imbedded in the soil, a part loose on the surface of the ground, but the greater portion was in rough walls or ridges, running, some of them, a

Ellis v. Wren.

distance of one hundred yards, and others a much greater distance, from side to side of the hill, and the walls ten or fifteen yards apart. The hill-side was full of stone, and it was gathered up so as to enable the land to be cultivated. The witnesses for the appellee say the stone was placed in windrows, and was of no value, while those for the appellant state that the stone was placed one on the other, making a wall some two feet high and about the same width; that these walls kept the land from washing, and when the stone was removed, the soil at many places was near the top of the wall.

It may be doubted whether the real estate devised would pass to the control of the curator, unless by an express order of the court, because, if not belonging to the devisees, it passed to the heir, and if the power given the executor to make disposition of the realty invested him with the power to sell the stone on the land, such a right could not have vested in the curator, because his duty is confined alone to the preservation of the estate. He can sell such perishable goods as the county court may order to be sold, and, no doubt, may take possession of the real estate under an order of court, when its control and possession is with the executor, until the question of will or no will has been determined. (General Statutes, chap. 39, art. 1, secs. 21 and 22.)

There was no severance of this stone from the land, either by the original owner or the executor, with a view of selling it, and its condition or position on the hill-side, when placed there by tenants prior to its occupancy by the appellee, did not convert the stone

into chattels personal, but it was still a part of the realty, and, if undevised, would pass to the heir with the land, and when sold by the executor the title passed to the appellant. Besides, in the present case it appears that the appellant purchased without notice of the claim of the appellee, except the fact of the latter's possession. We are satisfied, however, that the stone was a part and parcel of the realty, whether placed there by the owner or by subsequent tenants, and no power was vested in the curator to make sale of it. The fact that the stone may have been of little value, or that its removal so benefited the land as to fully compensate the owner, did not authorize the tenant to deprive the appellant of his property, or require the chancellor to withhold the relief. If the property of the appellant, its constant removal by the appellee, with the avowed purpose on his part to continue the assertion of his alleged right by an actual taking of the stone from the premises, entitled the appellant to an injunction.

We perceive no objection to the affidavit made to the original petition upon which the injunction was granted. The facts upon which the relief is sought are specifically and positively alleged, and the affidavit accompanying it that the appellant, plaintiff, believes the statements are true.

The judgment below is reversed, with directions to enjoin the appellee from taking the stone, or any portion of it, from the premises.