BOSTON AND MAINE RAILROAD *vs.* MICHAEL SULLIVAN
& others.

Essex.    November 7, 1900. — December 8, 1900.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Continuing Trespasser — Injunction — Allegations of Bill — Insolvency —*
*Damage — Injury — Demurrer — City Ordinance.*

A bill in equity may be maintained to enjoin a continuing trespass, if the ownership of the plaintiff is admitted and no question of title is involved, and no claim to a right of way over the plaintiff's land is set up in the answer of the defendant; and the fact that the defendant is solvent is not of importance, although his insolvency may be an additional reason for sustaining the jurisdiction; and in this case, which was a bill in equity to restrain the defendant from trespassing upon the premises at a station of the plaintiff railroad, the bill sets forth all the facts necessary to give the court jurisdiction, damage to the plaintiff being the necessary result of the facts set forth, and that appearing it is no ground of demurrer that the bill does not set forth that the plaintiff has been injured; and the defence that the person with whom the plaintiff made a contract for the exclusive use of the premises to solicit incoming passengers was not duly licensed in accordance with a license of the city is immaterial, as the facts afford no excuse for the trespasses.

BILL IN EQUITY, to enjoin the defendants from going upon the station premises of the plaintiff company to solicit incoming passengers and their baggage; from interfering with the carrying out of a contract between the plaintiff and one Williams; and requiring them to pay damages incurred by their trespassing, and costs.

The bill alleged that the plaintiff was the owner of three station buildings in Lawrence, with the land adjoining the same, all of which were described; that on November 13, 1899, the plaintiff made a contract with one Williams to provide means for carrying from the stations to their destination in the city of Lawrence incoming passengers and their baggage; and that afterwards the plaintiff notified the defendants not to come upon the plaintiff's said station premises to solicit incoming passengers, or the baggage and merchandise from incoming passengers, and informed the defendants of said contract, but allowed the defendants to come to the stations to deliver passengers and baggage, and to take away such as they might have previous orders for; that the defendants, after receiving this notice, continued, and still continue, to come upon the station premises of the plaintiff, and to solicit incoming passengers and their baggage upon the platforms of the stations, and refused, and still refuse, to depart therefrom when so requested by the plaintiff's agents; and that the plaintiff has no adequate remedy at law for the unlawful acts of the defendants.

The agreed facts recited that the defendants had, for many years prior to the date of the plaintiff's contract with Williams, been afforded and had exercised the privilege of coming upon the premises of the plaintiff and soliciting incoming passengers and baggage for transportation, and that the person with whom the plaintiff made the contract was not duly licensed in accordance with an ordinance of the city of Lawrence.

The defendants demurred to the bill for want of equity, and filed an answer admitting the averments, except the averment that the plaintiff had no adequate remedy at law. Hearing before *Bell*, J., who sustained the demurrer and found for the defendants on the merits; and the plaintiff appealed. The judge reported the case for the consideration of this court. If either the order sustaining the demurrer or the finding for the

defendants was correct, the bill was to be dismissed. If the demurrer should be overruled, and the case was one requiring a remedy in equity, a decree was to be entered for the plaintiff, and an injunction was to issue.

*C. A. De Courcy*, for the plaintiff.

*J. P. Sweeney*, for the defendants.

LATHROP, J.  There can be no doubt that the defendants illegally trespassed upon the plaintiff's land, and this was practically conceded at the argument.  *Old Colony Railroad* v. *Tripp*, 147 Mass. 35.  *Boston & Albany Railroad* v. *Brown*, *ante*, 65.

The only question of importance, then, is whether the plaintiff should have resorted to an action at law, as was done in the two cases cited, or whether it is also entitled to maintain a bill in equity.  The facts show that the defendants have been guilty of trespasses, which they propose to continue.  The ownership of the plaintiff is admitted, and no question of title is involved. Nor is any claim to a right of way over the plaintiff's land set up in the answer of the defendants.

It seems to us clear that the bill in this case may be maintained.  If the plaintiff were to sue at law, the amount recoverable could not be large in comparison with the amount expended in litigation, and every trespass would give a new right of action.  Hence there would arise a great multiplicity of suits.  At some time the plaintiff would be entitled to the protection of a court of equity, and there is no reason why, on the facts of this case, the remedy by injunction should not be granted at once. This court has now full jurisdiction in equity, and can put in force the remedies appropriate to that jurisdiction.

The language of Sir W. M. James, L. J., in the case of *Goodson* v. *Richardson*, L. R. 9 Ch. 221, 226, is very appropriate to this case : "The defendant in this case is admittedly a trespasser. He has committed a trespass upon the plaintiff's land without any legal justification or any legal excuse whatever; and he proposes to continue that trespass from day to day . . . for the purpose of making a profit of a trade which he proposes to set up in rivalry to a trade which the owner of the land upon which he is so committing the trespass is interested in.  It is said that we ought to allow this to be done, that we ought, in fact, to dismiss the plaintiff from this court, and tell him to find his way to

another court, in which he is to bring an action for the wrong for which there is no defence whatever. He is to bring that action at his own cost, and having succeeded in one action, he is to bring a second. I do not know whether more than one will be required — and then, having succeeded in one action, or two actions, or perhaps three actions, all of which, on the facts proved in this case, would necessarily result in verdicts for him, he is to come back to this court and obtain a perpetual injunction on the ground of repeated vexation and repeated actions. I do not think that there is any principle in this court which will compel us to drive the plaintiff to go through all that litigation before he is entitled to that relief which he would ultimately get when he had gone through it."

In the same case it was said by Lord Chancellor Selborne: " I cannot look upon this case otherwise than as a deliberate and unlawful invasion by one man of another man's land for the purpose of a continuing trespass, which is in law a series of trespasses from time to time, to the gain and profit of the trespasser, without the consent of the owner of the land ; and it appears to me, as such, to be a proper subject for an injunction." See also *Allen* v. *Martin*, L. R. 20 Eq. 462 ; *Lembeck* v. *Nye*, 47 Ohio St. 336 ; *Warren Mills* v. *New Orleans Seed Co.* 65 Miss. 391 ; *United States Freehold Land & Emigration Co.* v. *Gallegos*, 89 Fed. Rep. 769, 773 ; *Canastota Knife Co.* v. *Newington Tramway Co.* 69 Conn. 146, 161 ; *Musselman* v. *Marquis*, 1 Bush, 463 ; *Ellis* v. *Wren*, 84 Ky. 254 ; 3 Pom. Eq. Jur. § 1357 ; 1 Spell. on Extraordinary Relief, § 342 ; 1 Beach on Injunctions, § 523.

The case at bar is distinguishable from *Washburn* v. *Miller*, 117 Mass. 376. There, a question arose as to the plaintiff's right to the way in question, as against the defendant. Here, no question of title arises. There, the trespasses had been committed and were not continuing trespasses. Here, the trespasses are continuing. It is also to be noticed that that case was decided in 1875, when the Gen. Sts. c. 113, were in force. Section 2 of that chapter, after setting forth certain cases in which the court should have jurisdiction, and not mentioning trespasses, concluded as follows: " And shall have full equity jurisdiction, according to the usage and practice of courts of equity, in all other cases where there is not a plain, adequate and complete remedy

at law." This clause was repealed by the St. of 1877, c. 178, § 2, and a much broader law enacted. This gives to this court "jurisdiction in equity of all cases and matters of equity, cognizable under the general principles of equity jurisprudence"; and it is further declared, "and in respect of all such cases and matters, shall be a court of general equity jurisdiction." See Pub. Sts. c. 151, § 4.

The cases we have cited above and the text writers show that a court having general equity powers may issue an injunction in a case like the present, where the trespasses are continuing. The fact that the defendant is solvent in such a case is not of importance, although his insolvency may be an additional reason for sustaining the jurisdiction.

The bill in this case sets forth all the facts necessary to give the court jurisdiction. Damage to the plaintiff is the necessary result of the facts set forth; and when that appears it is no ground of demurrer that the bill does not set forth that the plaintiff has been injured. 2 Beach on Injunctions, § 1397.

The only other defence relied upon is that the person with whom the plaintiff made the contract was not duly licensed in accordance with an ordinance of the city of Lawrence. Some question is made as to the validity of this ordinance, but we do not deem it necessary to consider this point, as we are of opinion that if the facts are as the defendants contend they afford no excuse for their trespasses.

The result is that the demurrer should be overruled and an injunction issue.

*So ordered.*