W. H. COWAN AND E. R. OGILVIE, APPELLANTS v. B. J. SKINNER, AS ADMINISTRATOR WITH THE WILL ANNEXED OF THE ESTATE OF R. G. SKINNER, DECEASED, APPELLEE.

### (ON REHEARING.)

PER CURIAM: The appellee in petition for a rehearing suggests that the court failed to consider the allegations of the bill as to repeated and continuing trespasses which appellee contended are sufficient to constitute a ground for equitable intervention independent of the statute, so as to permit an accounting as an incident to the injunction granted.

The court did not overlook this feature of the case, but its opinion states that the allegations "do not bring the case within the rule as to multiplicity of suits in cases of trespass," citing the well considered case of Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4. The rule there stated is "that to justify the interference of a court of equity in cases of trespass in order to avoid a multiplicity of suits, there must be several persons controverting the same right, and each standing upon his own claim or pretension," citing Jerome v. Ross, 7 Johns. Ch. (N. Y.) 315; Hatcher v. Hampton, 7 Ga. 49; Nicodemus v. Nicodemus, 41 Md. 529; Thorn v. Sweeney, 12 Nev. 251; Roebling v. First National Bank, 30 Fed. Rep. 744; High on Injunctions, Sec. 700.

In this case there are no allegations that there are several persons controverting the same right, and each standing upon his own claim or pretension. The allegations are of several trespasses by the same parties or their servants, and none of the trespasses alleged is of such a character that equity will enjoin independent of a statute. In appellee's brief it is said: "It is manifest from reading the allegations of the bill that it was filed for the purpose of enjoining repeated trespasses and to prevent a multiplicity of suits. These allegations, which are admitted in the answer, constitute a ground of jurisdiction independent of any statute." The citations in support of this are: Pomeroy's Equitable Remedies, Vol. 1, Sec. 496, and authorities cited; Musselman v. Marquis, 1 Bush (Ky.) 463, S. C. 89 Am. Dec. 637; Fonder, J. & G. R. R. Co. v. Olmstead, 84 App. Div. (N. Y.) 127; Pittsburgh, S. & W. R. Co. v. Fiske, 123 Fed. Rep. 760.

In the case of Musselman v. Marquis, 1 Bush (Ky.) 463, 89 Am. Dec. 637, cited by the appellee, the court says:

"The uncontroverted statements of the petition   *   *   *
disclose a malignant determination on the part of the
appellee to persist in harassing and injuring the appellant
by trespasses on his property, while his insolvency would
prevent the redress which the law would otherwise afford
to the appellant" and that "the plaintiff has cause to
apprehend the commission of repeated and successive tres-
passes by an irresponsible party—from whom no adequate
compensation can be obtained in an action at law—and it
seems to us there can be no doubt of the power of a court
of equity to interpose." No such case is made here. There
is no allegation of the insolvency of the defendants or
of their bad faith, but it is alleged that the defendants
pretend to have authority to go upon the lands.

In Pittsburgh, S. & W. Ry. Co. v. Fiske, 123 Fed. Rep.
760, an injunction to restrain interference with a railroad
switch was sustained on the ground of "probable irrep-
arable injury and for the avoidance of a multiplicity of
suits." No authorities are cited to sustain this holding.
In the present case there is no sufficient allegation of
probable irreparable injury. The case of Fonder, J. & G.
R. Co. v. Olmstead, *supra,* appears to be a proceeding
under the code, and no authority is cited to sustain it.
Pomeroy's Equitable Remedies refers to 1 Pom. Eq. Juris-
prudence. In Pomeroy's Eq. Jur. Sections 271 and 1357 it
is said equity has jurisdiction, *under a proper condition
of facts,* of suits brought by a proprietor to restrain con-
tinuous trespasses. "The ultimate criterion is the inade-
quacy of legal remedy."

All the cases cited in support of the text hold that there
must be something peculiar in the case, as clear allega-
tions of irreparable mischief, or allegations that the value
of the inheritance is put in jeopardy, showing the inade-

quacy of the remedy at law. In the opinion in this case it is held that the allegations do not make out a case of threatened irreparable injury, or of inadequacy of the remedy by action at law for damages.

The rule in this State is settled in the case of Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4, and the allegations in this case do not bring it within that rule.

A rehearing is denied.

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.