Stroup v. Frank A. Hubbell Co., 27 N. M. 35.

[No. 2377.   Sept. 3, 1920.]

STROUP ET AL v. FRANK A. HUBBELL CO.

### SYLLABUS BY THE COURT.

1.   A trespass, of a continuous nature, the constant recurrence of which renders a remedy at law inadequate, unless by a multiplicity of suits, affords sufficient ground for relief by injunction.                                                     P. 36

2.   A judgment is to be construed with reference to the findings of fact made by the court.                           P. 38

Appeal from District Court, Bernalillo County; Raynolds, Judge.

Action by A. B. Stroup and another against the Frank A. Hubbell Company.   Judgment for plaintiffs, and defendant appeals.   Affirmed.

Marron & Wood, of Albuquerque, for appellant.

Simms & Botts, of Albuquerque, for appellees.

### OPINION OF THE COURT.

ROBERTS, J.   The bill of exceptions in this case was stricken out for the reasons stated in the same entitled case appearing in 25 N. M. 525, 184 Pac. 976.   There is thus here for consideration only such alleged errors as are claimed to appear in the record proper.   The case was tried by the court, part of the evidence being taken before the court and the remainder by an examiner.   Findings of fact were made by the court.   The complaint and findings show the following facts:   Appellant and appellees were the owners of adjoining real estate, all subject to irrigation from ditches leading from the Rio Grande river.   Appellant's land was slightly higher in elevation than the adjoining land of appellees.   Beginning with the crop season of 1913 and continuously thereafter for each crop season to and including the year 1917, it was alleged that appellees planted a given field adjoining appellant's land to crops of sweet clover, and during one season some other crop; that during each of the said years, after appellees' crop was planted and growing and giving promise of maturing, appellant carelessly, neg-

ligently, and willfully conducted upon its land, above and adjoining said fields of appellees, so planted as aforesaid, large quantities of water greatly in excess of the needs and requirements of appellant's land for irrigation, and permitted said water to run down and stand against an embankment between appellant's and appellees' said land; that said water carried alkali, and was permitted to stand and seep under and onto the fields and growing crops of appellees, and stand thereon in large quantities, and ruined a designated portion of the crop so planted, and injured the land and rendered it sterile and nonproductive; that this negligent and willful act had been repeated many times during each irrigation season; that appellees had been damaged in a large sum, which the court in its findings fixed at $200 each year, and the total at $1,000. Judgment was rendered for this sum, and appellant was enjoined and restrained "from causing or permitting ditch water or irrigation water to flow down against and stand against the land of the plaintiff described in the complaint, and from causing or permitting said water to seep or percolate onto the land of the plaintiffs described in the complaint."

[1] But two points are discussed by appellant in its brief. The first is that the pleadings and findings demonstrate that the appellees had an adequate remedy at law, and were not entitled to proceed in equity. The complaint and findings show a trespass of a continuing nature, the constant recurrence of which renders the remedy at law inadequate, unless by multiplicity of suits, and this affords sufficient ground for relief by injunction. In High on Injunctions (4th Ed.) par. 697, the author says:

"So where the acts of trespass are constantly recurring although each act taken, by itself, would neither be destructive of the estate nor inflict irreparable injury, and the legal remedy would therefore be entirely adequate to redress each act taken alone, equity will restrain such trespasses, basing the relief upon the utter inadequacy of the remedy at law."

Further, at paragraph 702(a), the author says:

"So where a trespass upon land is repeated and continuous, and, if continued, will result in the destruction of the substance of the estate, relief is properly allowed."

In the case of Boston & Maine Railroad v. Sullivan, 177 Mass. 230, 58 N. E. 689, 83 Am. St. Rep. 275, the railroad company sued to restrain the defendant from trespassing upon its premises, the court said:

"It seems to us clear that the bill in this case may be maintained. If the plaintiff were to sue at law, the amount recoverable could not be large in comparison with the amount expended in litigation, and every trespass would give a new right of action. Hence there would arise a great multiplicity of suits. At some time the plaintiff would be entitled to the protection of a court of equity, and there is no reason why, on the facts of this case, the remedy by injunction should not be granted at once. This court has now full jurisdiction in equity, and can put in force the remedies appropriate to that jurisdiction."

In the present case appellees would have had a right of action for each separate trespass, many times repeated during each growing season, but the remedy at law would be very expensive in proportion to the benefits received, and there would arise a great multiplicity of suits. We think the appellees were entitled to proceed in equity. Cases will be found where similar equitable relief was sought and granted. Shields v. R. Ditch Co., 23 Nev. 349, 47 Pac. 194; Parker v. Larsen, 86 Cal. 236, 24 Pac. 989, 21 Am. St. Rep. 30.

The second point made is that the decree in effect prohibits the appellant from irrigating, and therefore from making any use of his land adjoining the appellees, and is for this reason erroneous. The judgment is to be construed with reference to the findings of fact made by the court (23 Cyc. 1102), and, when so construed, it will be seen that it does not have the effect for which appellant contends; that the purpose of the decree was to perpetually

enjoin and restrain the appellant from causing or permitting water which is artificially brought upon its land to be placed thereon in large quantities far beyond its requirements for irrigation. Such water because of the physical contour of the land on appellant's side creates a lake, which stands against appellee's land and destroys the growing crops thereon. There is no question in the case as to the right of appellant to use reasonable quantities of water for the purpose of irrigating its land. It is the unnecessary water which appellant puts upon its land, "negligently and willfully," to which the injunction applies.

In the case of Gibson v. Puchta, 33 Cal. 310, plaintiff, who was the owner of a mine, sued the defendant, claiming that defendant was irrigating land and permitting the water to seep through into the mine. The court said:

"The defendant had the undoubted right to cultivate and plant this tract of land; and, having planted it, there can be little question that he had the same right to irrigate it for the purpose of maturing his crop. In irrigating his land the defendant is subject to the maxim, 'Sic utere tuo ut alienum non lædas.' An action cannot be maintained against him for the reasonable exercise of his right, although an annoyance or injury may thereby be occasioned to the plaintiffs. He is responsible to the plaintiffs only for the injuries caused by his negligence or unskillfulness, or those willfully inflicted in the exercise of his right of irrigating his land."

The question is discussed in Wiel on Water Rights (3d Ed.) § 461. In a note to the text the author says:

"Damage from seepage from irrigation and from ditches used in irrigation is held not actionable in the absence of negligence, but actionable when negligent."

[2]    In the present case we have not only the element of negligence, but, if the findings are correct, a willful act. We do not think the decree read in connection with the findings is susceptible of the construction which appellant would place upon it,

and that its effect is only to forbid the negligent and willful flooding of appellant's land by which the injury to the appellees results.

The judgment will be affirmed; and it is so ordered.

PARKER, J., concurs.

RAYNOLDS, J., having tried the case below, did not participate.