308 P.2d 573

David A. GRAMMER and Maurine P. Grammer, his wife, Plaintiffs-Appellants,

v.

NEW MEXICO CREDIT CORPORATION, a corporation, Southwest Securities Company, a corporation, John M. Hueter and Patricia H. Hueter, his wife, d/b/a Hueter & Co., and All Unknown Claimants of Interest in the Premises Adverse to the Plaintiffs, Defendants-Appellees.

No. 6136.

Supreme Court of New Mexico.

Feb. 20, 1957.

Rehearing Denied April 3, 1957.

Ernest A. Polansky, David A. Grammer, Jr., Albuquerque, for appellants.

Jones, Stiff & Briggs, Albuquerque, for appellees.

McGHEE, Justice.

This suit was brought by the plaintiff, David A. Grammer, to quiet title to tract 35 of the Alvarado Gardens, Unit Number 3, situated in Bernalillo County, New Mexico. The specifically named defendants are Southwest Securities Company, New Mexico Credit Corporation and John M. and Patricia H. Hueter, lessees of the tract from New Mexico Credit Corporation.

Plaintiffs and defendants both claim title to the tract in question through conveyances from Alvarado Development Company. Alvarado Development Company conveyed tract 35 to David A. Grammer on August 11, 1937. This deed was made subject to an outstanding lien of a deed of trust owned and held by New Mexico Credit Corporation. The deed was not recorded until August 18, 1942.

On November 9, 1938, Alvarado Development Company conveyed by warranty deed to Southwest Securities Company a larger tract within which lies tract 35. This deed to Southwest Securities Company contained an exception which excluded from the conveyance all lots and tracts title to which had previously been conveyed by Alvarado Development Company and which had previously been released from the lien of the deed of trust. Southwest Securities Company accepted and held this deed as trustee for the benefit of New Mexico Credit Corporation. This deed was properly recorded on November 15, 1938. Southwest Securities Company executed a warranty deed to this property to New Mexico Credit Corporation on December 30, 1941. This deed was properly recorded on April 13, 1942.

The tract in question was assessed to David A. Grammer from 1938 up to and including 1954. Taxes on the tract for the 1938–1941 period inclusive were paid by defendant New Mexico Credit Corporation. During the 1942–1954 period taxes were paid by both David A. Grammer and the New Mexico Credit Corporation, each paying under a separate assessment.

The New Mexico Credit Corporation has been openly and continuously in possession of the tract involved in this litigation since November 9, 1938, and has made improvements thereon.

The trial court concluded (1) that defendant by virtue of the Recording Act, § 71-2-3, N.M.S.A., 1953, proved a record title superior and paramount to the claim of title asserted by plaintiffs; (2) that plain-

tiffs' claim was barred by the Statute of Limitation, § 23–1–22, N.M.S.A., 1953; and (3) that plaintiffs were estopped to deny that New Mexico Credit Corporation was the owner of the land in question.

We will first consider the plaintiffs' contention that the trial court was in error in its second conclusion of law, which is as follows:

"2. That Southwest Securities Company, a corporation, trustee, and New Mexico Credit Corporation, beneficiary, have proved a record title, prior, superior and paramount to the claim of title asserted by plaintiffs."

In their first point plaintiffs also challenge the trial court's findings of fact 1, 3 and 5. In substance these findings are that the deed from Alvarado Development Company to Southwest Securities Company on November 15, 1938, conveyed the land described in the complaint (tract 35); that it was given in good faith and for value; and that neither Southwest Securities Company nor the New Mexico Credit Corporation had any notice or knowledge, actual or constructive, of the outstanding deed to David A. Grammer until sometime in 1941, at which time the real estate described in the deed to David A. Grammer had not been released from the lien of the deed of trust.

Plaintiffs' challenge to the above findings of fact and conclusion of law is based essentially on two grounds: (1) that the

Recording Act, § 71–2–3, N.M.S.A., 1953, is not pertinent in this case because the deed from Alvarado Development Company to Southwest Securities Company in 1938 did not purport to convey the same property which had been conveyed to David A. Grammer in 1937; (2) that neither Southwest Securities Company nor New Mexico Credit Corporation was a bona fide purchaser for value, and thus neither was entitled to the protection of the Recording Act.

The Recording Act, § 71–2–3, N.M.S.A., 1953, provides as follows:

"Unrecorded instruments—Effect.— No deed, mortgage or other instrument in writing, not recorded in accordance with section 4786 (71–2–1), shall affect the title or rights to, in any real estate, of any purchaser, mortgagee, in good faith, or judgment lien creditor, without knowledge of the existence of such unrecorded instruments."

It is true that the above statute is applicable only in situations where two deeds purport to convey the same property. Thus, unless the deed to Southwest Securities Company conveyed tract 35, this being the tract previously conveyed to David A. Grammer, the Recording Act has no bearing on this case. The answer to this question depends upon the effect of the exception in the deed from Alvarado Develop-

ment Company to Southwest Securities Company. This exception provided:

"Excepting, further, all those lots and tracts title to which has been heretofore conveyed by the grantor herein and which have been heretofore, by proper deed of release, released from the lien of that certain deed of trust. * * *"

It is plaintiffs' contention that tracts previously conveyed, although not released from the lien of the deed of trust, were within the above exception. Therefore, they maintain that the tract conveyed to Grammer, but not released from the lien of the deed of trust, was excepted from the conveyances to Southwest Securities Company. We are unable to agree with this contention.

■■ The purpose and effect of an exception in a conveyance is to except or exclude from the operation of the conveyance some part of the thing or things covered by the general words of description therein. Maxwell Land Grant Company v. Dawson, 1894, 7 N.M. 133, 34 P.191, reversed on other grounds 151 U.S. 586, 14 S.Ct. 458, 38 L.Ed 279. See Tiffany, Real Property § 972 (3rd ed. 1939). The general rule is that an exception in a deed of conveyance must contain an identifying description of the land excepted, yet such requirement is satisfied if the language of the exception provides information, which when supplemented by competent extrinsic evidence, satisfactorily identifies the excepted parcel. Texas Co. v. Wall, 7 Cir., 1939, 107 F.2d 45. In 16 Am.Jur., Deeds, § 309 it is stated:

"In construing reservations or exceptions in deeds, the courts endeavor, if possible, to ascertain the intention of the parties. * * *"

■ The exception in the deed from Alvarado Development Company to Southwest Securities Company is sufficiently clear to define its character and extent. In order to come within the exception two requirements had to be met. It must have been a tract previously conveyed, and such tract must have been previously released from the lien of the deed of trust. The witness Woodward testified that the deed to Southwest Securities Company was prepared in his office, under his direction, and that the grantor was to convey the entire property excepting only those tracts previously conveyed and previously released from the lien of the deed of trust. The tract conveyed to Grammer had not been released from the lien of the deed of trust. Accordingly it was not within the exception contained in the deed to Southwest Securities Company. It necessarily follows then that the deed to Grammer and the deed to Southwest Securities both conveyed tract 35. In such a situation the Recording Act, § 71-2-3, N.M.S.A. 1953, is clearly applicable.

248

But the plaintiffs contend that even if the situation is one which calls for application of the Recording Act, neither Southwest Securities nor New Mexico Credit Corporation was a bona fide purchaser for value. Plaintiffs' basis for this contention is that the exception in the deed to Southwest Securities furnished constructive notice to both Southwest Securities and New Mexico Credit Corporation of the prior conveyance of the tract in question to David A. Grammer. We do not believe this position is sound.

In Kitchen v. Schuster, 1907, 14 N.M. 164, 89 P. 261 and in Taylor v. Hanchett Oil Co., 1933, 37 N.M. 606, 27 P.2d 59 this court ruled squarely on the meaning of constructive notice. We adopted the rule as stated in United States v. Detroit Timber & Lumber Co., 200 U.S. 321, 26 S.Ct. 282, 285, 50 L. Ed. 499 where it is stated:

"When a person has not actual notice, he ought not to be treated as if he had notice, unless the circumstances are such as enable the court to say, not only that he might have acquired, but also that he ought to have acquired it, but for his gross negligence in the conduct of the business in question. The question, then, when it is sought to affect a purchaser with constructive notice, is not whether he had the means of obtaining, and might, by prudent caution, have obtained the knowledge in question, but whether not obtaining was an act of gross or culpable negligence."

In 1951 this court reaffirmed the rule as to constructive notice as set forth above in the case of Sawyer v. Barton, 1951, 55 N.M. 479, 236 P.2d 77. We stated 55 N.M. at pages 485 and 486, 236 P.2d at page 81, the following:

"The true rule to be deduced from these decisions is that absent actual notice, where the facts brought to the knowledge of the intending purchaser are such that in the exercise of ordinary care he ought to inquire, but does not, and his failure so to do amounts to gross or culpable negligence, *he will be charged with a knowledge of all the facts which the inquiry, pursued with reasonable diligence, would have revealed.*" (Emphasis added.)

If we assume that the exception in the deed to Southwest Securities called for an inquiry on the part of Southwest Securities and New Mexico Credit Corporation, they would only be charged with knowledge of such facts as an inquiry, pursued with reasonable diligence, would have revealed.

But what facts would such an inquiry have revealed? The real property records in the Bernalillo County Clerk's office did not, at the time of the deed to Southwest Securities, show a deed to the same property in David A. Grammer's name. Nor was Grammer in possession of the property, so

an investigation of the land would have given no indication of the outstanding and unrecorded deed to Grammer. The exception mentions no specific grantees who could have been contacted. Plaintiffs strongly contend that both Southwest Securities and New Mexico Credit Corporation should have searched the Bernalillo County tax rolls; that if they had they would have discovered a tax assessment on tract 35 in Grammer's name. Such would be an unreasonable search requirement in view of the fact that the assessment rolls in Bernalillo County in 1938 were indexed in the names of property owners and not by property descriptions. It would have been necessary to check the individual assessment of every property owner in Bernalillo County. It necessarily follows then that an inquiry pursued with reasonable diligence would have been fruitless. It is extremely unlikely that the unrecorded Grammer deed would have been discovered.

As shown in the foregoing, the trial court's findings of fact 1, 3 and 5 are supported by substantial evidence, and the trial court's second conclusion of law is correct and determinative of this case. Our holding makes it unnecessary to consider other claimed errors.

The judgment is affirmed. It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and KIKER, JJ., concur.