448 P.2d 171

Martha D. VIGIL, Cleo Roybal, Carmen Varela, Eva Lucero, Delfina Velarde, Angelia Vigil, Luciano Vigil, Ramon I. Vigil, Patricio Vigil, Ernesto Vigil and John T. Watson, Plaintiffs-Appellees,

v.

C. A. BALTZLEY and Nola B. Baltzley, his wife, and Honey Boy Haven, Inc., a New Mexico Corporation, Defendants-Appellants.

No. 8630.

Supreme Court of New Mexico.

Dec. 9, 1968.

Leslie D. Ringer, Santa Fe, for appellants.

David L. Lunt, Santa Fe, for appellees.

## OPINION

MOISE, Justice.

Defendants appeal from a judgment determining that plaintiffs have a prescriptive easement over certain property of defendants for the purpose of driving herded cattle and for hunting, fishing and recreation; enjoining defendants from obstructing the free use and travel of the roads over which plaintiffs have easements; directing defendants to remove their locks from the fences and gates crossing the roads, or deliver keys to plaintiffs; and enjoining a change of locks without prior delivery of keys to plaintiffs.

Defendants' first point, about which there can be little dispute, is stated in the following language:

"As a prescriptive right, acquired by one person, is a corresponding loss or forfeiture of right by another, and further as the law does not favor forfeitures, it is absolutely essential that all of the elements prescribed by law as necessary to constitute a permanent, valid claim by adverse possession amounting to prescriptive right should be present. The burden of proving the existence of a prescriptive right is placed upon the one who is benefited thereby."

Hester v. Sawyers, 41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536 (1937), is then cited as detailing the elements which must be proved by anyone claiming an easement by prescription. We quote the following from that case:

"The use necessary to acquire title by prescription must be open, uninterrupted, peaceable, notorious, adverse, under a claim of right, and continue for a period of ten years with the knowledge or imputed knowledge of the owner."

Additionally, it is stated in Hester, supra, that, "A way claimed by prescription must

be a definite, certain, and precise strip of land."

Plaintiffs do not question that the elements are as stated. Neither do they take issue with the additional rule that a prescriptive right is not favored in the law. Zimmerman v. Newport, 416 P.2d 622 (Okl. 1966); Mood v. Banchero, 67 Wash.2d 835, 410 P.2d 776 (1966). The parties do differ, however, as to the applicability of certain legal presumptions and the allocation of the burden of proof.

Defendants cite cases from other jurisdictions discussing each element and the nature of the proof required to establish it. We do not think anything would be added by a review of each of these holdings. Rather, we quote from Castillo v. Tabet Lumber Co., 75 N.M. 492, 494, 406 P.2d 361 (1965), where we summarized the holdings of Hester, supra, in the following language:

"In Hester v. Sawyers, supra [41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536], it was determined that title to an easement for a right of way could be acquired by prescription; that the right is obtained by use alone and is based upon a presumed grant, not upon statute; that under our law the period of use must be ten years, the same as the limitation period provided by law applicable to adverse possession of land; that the presumption of a grant of the right is conclusive upon the passage of ten years of open, uninterrupted, peaceable, notorious and adverse use under a claim of right with knowledge or imputed knowledge of the owner; that when such use is present for the requisite period the owner is charged with knowledge of it, and acquiescence is implied; and that the right may arise even though it was originally permissive, if it subsequently became adverse and the adverse use continued for a full ten years. Further, that what commences as a permissive use does not become adverse until a distinct and positive claim of right hostile to the owner is brought home to the owner by claimant's words or action.

Instances where easements by prescription do not result were also noted. One of these is where the use is strictly permissive. Another is stated in the following language:

> " 'In this state, where large bodies of privately owned land are open and uninclosed, it is a matter of common knowledge that the owners do not object to persons passing over them for their accommodation and convenience, and many such roads are made and used by neighbors and others. Under these circumstances it would be against reason and justice to hold that a person so using a way over lands could acquire any permanent right, unless his intention to do so was known to the owner, or so plainly apparent from acts that knowledge should be imputed to him. * * *' Hester v. Sawyers, 41 N.M. 497, at 504, 71 P.2d 646, 651.

"The real significance of this exception lies in the fact that under the circumstances discussed in the quotation; the use is presumptively permissive whereas in the ordinary situation, where use is open, notorious, uninterrupted and peaceable, a conclusive grant is presumed."

See, also, Maestas v. Maestas, 50 N.M. 276, 175 P.2d 1003 (1946), and Wilson v. Williams, 43 N.M. 173, 87 P.2d 683 (1939).

The following, which we quote from Sanchez v. Dale Bellamah Homes of New Mexico, Inc., 76 N.M. 526, 528, 417 P.2d 25 (1966), is also instructive:

> "A prescriptive right is founded upon a presumption of a grant even though there may never have been one. In addition, a prescriptive right is obtained by use alone and does not depend upon a statute. It is acquired by an open, uninterrupted, peaceable, notorious, adverse use, under a claim of right, continued for a period of ten years with the knowledge or imputed knowledge of the owner. * * * Wilson v. Williams, 43 N.M. 173, 87 P.2d 683, as well as Hester and Castillo also settled the rule in this state that the owner is charged with knowledge of

an open, adverse, notorious, peaceable, and uninterrupted use from which acquiescence is implied. 2 Thompson on Real Property, 1961 Replacement, §§ 335 and 340.

"The question here, as in Hester, is whether the user was adverse under a claim of right or was only permissive. Bellamah contends that absent evidence of a distinct and positive assertion by Sanchez of a right hostile to the owner which was brought home to him by words or acts, the verdict lacks substantial support in the evidence.

"The great weight of the decisions hold that proof of an open, notorious, continuous and uninterrupted user for the prescriptive period, without evidence of how it began, raises a presumption that the use was adverse and under a claim of right. * * * This court in Hester v. Sawyers, supra [41 N.M. 497, 71 P.2d 646, 112 A.L.R. 536], firmly established the rule that such proof not only raises the presumption but that when the user has been continued for the prescriptive period, the presumption of a grant is conclusive. * * *"

The property which is traversed by the three roads in issue, although in high, rough country, is not open and unenclosed but, to the contrary is and has been enclosed by a fence during the entire period during which the prescriptive right is claimed to have accrued, and accordingly the rule to be applied is the general one wherein a conclusive grant is presumed, and not the exception where the use is presumptively permissive. See Castillo v. Tabet Lumber Co., supra; Hester v. Sawyers, supra. We here copy the trial court's findings 8 and 9, which are not challenged by defendants and which accordingly are facts in the case, Baca v. Gutierrez, 77 N.M. 428, 423 P.2d 617 (1967); Brown v. Arapahoe Drilling Co., 70 N.M. 99, 370 P.2d 816 (1962). The findings read:

> "8. On or about the 15th day of October, 1966, the Defendant, C. A. Baltz-

ley, who is the President and major stockholder of Honey Boy Haven, Inc., locked the gates in various fences which bounded and intersected his lands described in Finding 4, across which the roads described in Findings 5, 6, and 7 ran, by changing the tumblers on the padlocks to which Plaintiffs had keys and without giving the Plaintiffs, or any of them, new keys to said gates, thus obstructing Plaintiffs' use of the aforesaid roads and all of them, and Defendants have failed and refused to open said gates or to give Plaintiffs keys to said locks, and has notified Plaintiffs that he intends to hereafter control the use of said roads.

"9. The real estate owned by the Defendants, described in Finding 4, has been fenced and inclosed for more than ten years prior to the commencement of this action, and for more than ten years prior to the lock-out described in Finding 8.

In addition, we copy finding 10 which, although challenged, should be considered at this point:

"10. Plaintiffs' and their predecessors in titles' use of the aforesaid roads, across Defendants' lands as described in Findings 5, 6, and 7, has been without the actual or implied permission of the Defendants, or any of them, or their predecessors in title, and has been open, visible, and without concealment, and has been uninterrupted and continuous, and has been peaceable, and has been notorious and well known, and Plaintiffs' and their predecessors in title's use of the aforesaid roads has been adverse and in conflict with any claim or title of Defendants and their predecessors in title to the aforesaid roads, and has been under claim of right and in derogation of the rights or claims of the Defendants or their predecessors in title, and has continued, for more than ten years prior to the commencement of this action, and for more than ten years prior to the lock-out described in Finding 8."

As we view the defendants' Points II and III, the findings concerning each of the elements already noted as being required to establish a prescriptive easement are attacked as not supported by substantial evidence, and that this is particularly true because the only evidence is in the nature of conclusions as opposed to facts. We do not agree with the argument made.

■■ The testimony adduced at the trial has been read in its entirety and, although conflicts are to be found therein, we cannot say that it is not substantial to support the findings made by the court and attacked herein. This being true, they will not be disturbed. Ash v. H. G. Reiter Co., 78 N.M. 194, 429 P.2d 653 (1967); Brown v. Cory, 77 N.M. 295, 422 P.2d 33 (1967).

We would add a word concerning defendants' claim in their Point II that the evidence introduced in support of each of the elements required to establish an easement by prescription was not substantial because in the nature of "blanket statements." By this it appears that defendants contend evidence that the use of the roads was "open" or was "uninterrupted" or "peaceable," and so on, concerning each element, is not substantial because in the nature of conclusions. However, even if we assume for the sake of argument that such proof would not be considered as substantial, our examination of the record discloses much more than mere proof in the nature of legal conclusions. To the contrary, we find much testimony concerning the particular uses made by plaintiffs, concerning defendants' knowledge, and everything necessary to establish the rights found to exist. As already noted, this proof is not without conflict, but it is substantial. We see nothing in the cases relied on by defendants which in any way supports their argument in this regard. Although not cited, we think the rule being urged is that stated in Romero v. Herrera, 30 N.M. 139, 228 P. 604 (1924), to the effect that a witness may only testify as to facts and not as to conclusions. To permit the latter would be an invasion of the province of the factfinder. As already noted, although

there may have been some conclusionary evidence, there was, in addition, a great deal of proof as to facts. The point is held to be without merit.

By their Point VI, defendants claim that the present cause is barred by a previous action wherein John T. Watson, a plaintiff here, and Luis and Josefita Vigil, brought suit against C. A. Baltzley, one of the defendants here, seeking to restrain and enjoin the defendant from in any way interfering with or obstructing certain roads therein described. The proceeding was numbered 14619 on the docket of the San Miguel County District Court and was filed in 1949. Thereafter, in 1959, an order was entered dismissing the action with prejudice, under Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A.1953), because of failure to diligently prosecute. Concerning this case, the trial court found as follows:

"21. That in describing Road No. 1 in the Complaint in Cause No. 14619 of this Court, of which this Court has taken judicial notice, it was recited that said road, after crossing north of the Baltzley tract through Section 5, then ran through Section 8 to the southeast quarter thereof and a portion of this road in Section 8 would be a portion of the same road described in Finding 5. The matter at issue and the point in controversy in Cause No. 14619, however, was the use of roads running down from the north in Section 5, and near the Baltzley house and proposed lodge site, and not the rights of any Plaintiff herein, nor the rights of any predecessor in title to any Plaintiff herein, to any road involved in this cause.

"22. That Cause No. 14619 was dismissed with prejudice as to John T. Watson, Plaintiff therein, and now one of the Plaintiffs herein, on February 16, 1959, but thereafter, and on October 31, 1961, Plaintiff, John T. Watson, acquired his interest in the land described in Finding 2, from Ramon L. and Martha D. Vigil, and neither they, nor their predecessors in title, were parties in said Cause No. 14619, and their right to the use of the road described in Finding 5, which was unaffected by said Cause, was acquired by Plaintiff, John T. Watson, with his interest in their land."

 While description of Road No. 1 in Cause 14619 appears to be similar in some respects to the 5–8 road in this case, there is considerable question as to whether the two roads are identical, and there is testimony that they are different. There is substantial support for the quoted findings and they will not be disturbed.

Additional points argued by defendants have been considered. Like the points just discussed they, too, are in the nature of attacks on findings. We do not believe that any useful purpose would be served by discussing them in detail. Suffice it to say we have examined the record and have determined that the findings attacked are substantially supported and, accordingly, we will not disturb them.

There being no reversible error, the judgment of the trial court will be affirmed. It is so ordered.

NOBLE and CARMODY, JJ., concur.