460 P.2d 809

Douglas V. KENNEDY and Frances S. Kennedy, Plaintiffs-Appellees,

v.

Willard F. BOND and Yvonne Bond, Defendants-Appellants.

No. 8548.

Supreme Court of New Mexico.

Sept. 15, 1969.

Rehearing Denied Nov. 13, 1969.

Watson & Watson, Charles S. Solomon, Santa Fe, for appellants.

Montgomery, Federici, Andrews, Hannahs & Morris, Santa Fe, for appellees.

## OPINION

HENDLEY, Judge, Court of Appeals.

Appellants and appellees purchased land from a common grantor, Johnstone. Appellees purchased in 1958 and appellants purchased in 1961. Appellees' deed contained the following language:

"Excepting and reserving the following specified rights. * * *

"1. A perpetual easement for ingress and egress over and upon the present existing private road from the public highway which adjoins the southern boundary of the land herein conveyed to the southern boundary of the remaining lands retained by the Grantors herein, this said private way running in a northerly and westerly direction from its place and point of beginning at the said public highway and more particularly described as follows:" (Description omitted.)

Appellants' deed contained a grant of easement in substantially the same language.

We are called upon to interpret the rights of the parties in the easement according to the language of the reservation and grant, and in light of the trial court's findings of fact and conclusions of law.

The pivotal question in this case is the correctness of the trial court's Conclusion of Law No. 1:

"Defendants' [appellants'] easement over the plaintiffs' [appellees'] land is solely for the purpose of ingress and egress from the public highway to defendants' land."

The trial court's Conclusion of Law No. 1 is based on its Findings of Fact No. 1 and 2 which are, in substance, the conveyances from Johnstone to both parties. Appellants contend that these conveyances show that the road in question is owned in fee by them. The reason for this, appellants contend, is that the road was "excepted and reserved * * * from the lands conveyed to the Kennedys." We reject this contention.

An easement is distinguished from a fee, and constitutes a liberty, privilege, right, or advantage which one has in the land of another. State v. Begay, 63 N.M. 409, 320 P.2d 1017 (1958). From the language of the conveyances, incorporated in the findings of the trial court, the exceptions and reservations were only as to an easement. As we stated in Dyer v. Compere, 41 N.M. 716, 73 P.2d 1356 (1937):

"The extent of an easement is to be determined by a true construction of the grant or reservation by which it is created, aided by any concomitant circumstances which have a legitimate tendency to disclose the intention of the parties. Where, however, the grant or reservation is specific in its terms, it is, of course, decisive of the limits of the easement. * * *" (Citations omitted)

Appellants' reliance on Grammer v. New Mexico Credit Corporation, 62 N.M. 243, 308 P.2d 573 (1957) is misplaced because there the exception was, to "lots and tracts." Here, the exception specifically states that an "easement for ingress and egress" was excepted. The intent of the common grantor was made clear by the language used in the deeds. State ex rel. State Highway Commission v. Dannevik, 79 N.M. 630, 447 P.2d 510 (1968). Compare Nickson v. Garry, 51 N.M. 100, 179 P.2d 524 (1947).

Appellants next contend that if the right of way excepted and reserved was an easement then the trial court had the duty to define the relative rights of the parties and it failed to do so. Dyer v. Compere, supra. A review of the findings of fact and conclusions of law of the trial court shows that there is no merit to this contention. Further, the testimony adduced at the trial, in spite of certain conflicts, was substantial to support the findings. Vigil v. Baltzley, 79 N.M. 659, 448 P.2d 171 (1968).

Appellants' point II goes to the substantiality of the evidence to support the trial court's finding that the physical condition of the entrance does not unreasonably restrict its use by appellants. Appellants do not challenge Finding of Fact No. 3, which stated that at the time appellants acquired their property the physical condition of the entrance, with regard to the wooden cattleguard and gate, chamisa bushes, and gas meter, was already determined. Appellees had been in possession of their property almost three years before appellants took possession of the easement. Prior to this time there was a reasonable inference from the record to show that the common

grantor, Johnstone, had consented to the changes which were made in the nature of the easement. Compare Posey v. Dove, 57 N.M. 200, 257 P.2d 541 (1953).

■■ As we stated in Dyer v. Compere, supra:

"The rights of one holding an easement in the land of another are measured by the nature and purpose of the easement; and, so far as consistent therewith, the owner of the fee may make any reasonable use desired of the land in which the easement exists."

Here, the trial court found that appellees' alteration of the entrance was not an unreasonable restriction. This was a question of fact for the trial court. See Russell v. Palos Verdes Properties, 218 Cal.App.2d 754, 32 Cal.Rptr. 488 (1963). Compare Salt Lake City v. J. B. & R. E. Walker, Inc., 123 Utah 1, 253 P.2d 365 (1953); City of Pasadena v. California-Michigan Land & Water Co., 17 Cal.2d 576, 110 P.2d 983, 133 A.L.R. 1186 (1941). There was substantial evidence adduced at trial to support the trial court's findings. Vigil v. Baltzley, supra.

■ Appellants contend it was error for the trial court to refuse to find for or against the theory of appellants' case, to make findings without support in the evidence, and to fail to make findings of material facts. Appellants allege that the trial court's Finding of Fact No. 5 is in error because of the statement that a portion of the roadway has been used only by the appellants and that there is no evidence to support this finding. Appellees, however, point out that the court could have made a reasonable inference from Mr. Kennedy's testimony that appellees made no use of the road from the point where they turn into their garage to the north boundary of their property. In any event, the finding in this regard did not alter the allocation of expense for the road maintenance and, therefore, it is not prejudicial. A finding, even if unsupported by evidence, is harmless error where contrary

finding would not affect the decision. Renfro v. J. D. Coggins Company, 71 N.M. 310, 378 P.2d 130 (1963); compare Prude v. Lewis, 78 N.M. 256, 430 P.2d 753 (1967).

Appellants next allege that Finding of Fact Numbers 1 and 2 did not "match up" with the existing roadway therefore the trial court committed error. Appellants, however, state that:

"The existing road has been surveyed, and both parties agree that the existing roadway should be the basis of the rights of the parties. * * *"

There is no actual controversy existing here so we need not decide the question. See Reeder v. Bowman, 64 N.M. 7, 322 P.2d 339 (1958). Further, the substance of the appellants' statements to the trial court concerning the existing roadway indicate that the trial court was not requested to find one way or another on the issue. Compare Thompson v. H. B. Zachery Co., 75 N.M. 715, 410 P.2d 740 (1966).

■ Appellants' third contention under this point is that the court committed error in not determining a true boundary line between the Bond and Kennedy property. We disagree. The issue, as raised in the trial court, did not relate to the form of trespass alleged in the pleadings but to an incident concerning certain "morning glorys" growing on the boundary fence. This incident was the basis of a claim by appellees for punitive damages for harassment. The boundary line was not placed in issue by this claim and the trial court was not bound to make findings with respect thereto. Further, a finding as to the boundary line would be a finding concerning an evidentiary, as opposed to an ultimate fact, therefore it was not error to refuse such a finding. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968).

■ Appellants next contest the trial court's Finding of Fact No. 7 and Conclusions of Law Numbers 4 and 5. These determinations concerned the parties' relative duties with respect to repair and mainte-

nance of the cattleguard and roadway. Initially, the following statement from Dyer v. Compere, supra, is noted:

"\* \* \* The owner of the servient estate is under no obligation, in the absence of special agreement, to repair or maintain the way, the rule being that he who uses the easement must maintain it in proper condition or suffer the resulting inconvenience. \* \* \*" (Citations omitted)

The trial court apportioned the cost of maintenance of the roadway in relation to the relative use of the parties. See Annot. 20 A.L.R.3rd 1026 (1968).

Appellants' main argument here is there was error in requiring them to pay the entire cost of restoring the cattleguard. A review of the evidence shows that appellants and their predecessors were entirely responsible for the state of disrepair of the cattleguard and that appellees had previously repaired the cattleguard several times at their own expense without contribution by appellants or their predecessors. There was substantial evidence adduced at trial to support the trial court's findings in this regard, Vigil v. Baltzley, supra, and its conclusions were proper.

Lastly, appellants attack the trial court's Conclusion of Law Number 7. That conclusion was:

"The parties, both the plaintiffs and defendants, are enjoined and restrained from interfering with the reasonable use of the easement by the other party for ingress and egress to their respective properties."

Appellants contend the injunction was not properly made against them.

Injunctions are granted to prevent irreparable injury for which there is no adequate and complete remedy at law. City of Las Cruces v. Rio Grande Gas Company, 78 N.M. 350, 431 P.2d 492 (1967). If an interference, such as here, is of a continuous nature, the constant recurrence of which renders a remedy at law inadequate, except by a multiplicity of suits, then a sufficient ground for relief by injunction is afforded. Compare Stroup v. Frank A. Hubbel Co., 27 N.M. 35, 192 P. 519, 32 A.L.R. 450 (1920). There was sufficient evidence to support the trial court's conclusion of law.

The judgment is affirmed.

It is so ordered.

NOBLE, C. J., and COMPTON, J., concur.