NOTE.

SAME CASE.

[On Appeal.]

An appeal does not lie to this court from an order of the District Court disbarring an attorney.   The remedy of the party, if any, is by mandamus. See the case as reported, *supra*.

APPEAL from the District Court for the Western District of Arkansas.

Before the application for a mandamus was made to this court, as above reported, the petitioner, Robinson, had appealed

---

from the order of the District Court disbarring him. The record being filed, he moved that the case be advanced on the calendar for hearing.

Mr. Justice CLIFFORD, after stating the facts respecting the order disbarring the appellant, delivered the opinion of the court as follows:

The petitioner moves the court to advance the case. Cases involving great hardships are frequently brought here for revision, and in such cases it is competent for the court to advance the same on motion. Still the motion must be denied, as it is well-settled law that neither an appeal nor a writ of error will lie in such a case. Hence it was held in the case of *Ex parte Bradley*, that mandamus from this court to a subordinate court was a proper remedy to restore an attorney at law, disbarred by such subordinate court, for a contempt committed by him before another court, as in such a case the court issuing the order disbarring the attorney had no jurisdiction to pass the order.

Whether the present case can be distinguished from the case cited will not now be decided, but the court is of opinion that the remedy of the party, if any, in this court, is not by an appeal.*

MOTION DENIED.

* Ex parte Bradley, 7 Wallace, 364.