322 P.2d 339

L. B. REEDER and F. I. Reel, copartnership, d/b/a Valley Oil Company, Plaintiffs-Appellees,

v.

Jesse W. BOWMAN and Q. I. Sprayberry, d/b/a Bowman & Sprayberry, Defendants-Appellants.

No. 6336.

Supreme Court of New Mexico.

Feb. 27, 1958.

Apodaca, Keltner & Fowlie, John E. Brown, Albuquerque, for appellants.

McAtee, Toulouse & Marchiondo, Paul A. Phillips, Albuquerque, for appellees.

LUJAN, Chief Justice.

This is an action brought by the plaintiffs-appellees against the defendants-appellants on a promissory note and debt arising out of contract.

The chronology of certain events is necessary to an appreciation of the question on the motion filed by defendants to set aside the order of the district court appointing a receiver to take over the management and operation of defendants' business.

The complaint was filed on March 18, 1957. On the same day a motion to appoint a receiver was likewise filed by plaintiffs. On March 18, 1957, the court made and entered an order directing the defendants to appear before said court on March 25, 1957, and then and there show cause why a receiver should not be appointed. Because the defendants did not appear on said date the court postponed the hearing until March 28, 1957, but defendants again failed to show up. At this last hearing the district court appointed a receiver. On April 16, 1957, two separate answers were filed. On June 4, 1957, defendants filed a motion seeking to have the receivership dissolved. On June 14, 1957, a similar motion was filed. On July 17, 1957, an order was made and entered by the court denying both motions. On July 22, 1957, an appeal was granted to this court from the order denying defendants' motions to dissolve the receivership. On Oc-

tober 16, 1957, the transcript and defendants' brief in chief were filed. On October 31, 1957, while the case was pending on the appeal, the district court made and entered an order terminating the receivership. On November 15, 1957, the plaintiffs filed a motion in this court to dismiss the appeal on the ground that the issue had become moot.

Where there is no actual controversy existing as to a question presented on appeal, the appellate court need not determine it. Consequently, it is not necessary for us to pass upon the validity of the district court's order of March 28, 1957, appointing a receiver, and we do not do so. The validity of that order has now become moot.

In Yates v. Vail, 29 N.M. 185, 221 P. 563, 564, this court recognized the universal rule to be, "that an appellate court will not sit in judgment on a controversy which has ceased to exist," and we are still of the same opinion.

The appeal should. be dismissed.

It is so ordered.

McGHEE and COMPTON, JJ., and H. VEARLE PAYNE, District Judge, concur.

KIKER, J., not participating.