**UNITED STATES of America and Revenue Officer John Felske of the Internal Revenue Service, Petitioners,**

v.

**Reed HALSTED, Respondent.**

No. M–18–304.

United States District Court, S.D. New York.

Sept. 20, 1984.

Rudolph W. Giuliani, U.S. Atty. for the Southern Dist. of New York, New York City, for petitioners; Bernard W. Bell, Asst. U.S. Atty., New York City, of counsel.

Benson A. Snaider, P.C., New Haven, Conn., for respondent; Benson A. Snaider, New Haven, Conn., of counsel.

## OPINION

SWEET, District Judge.

Petitioners United States of America and Revenue Officer John Felske of the Internal Revenue Service ("IRS") (collectively "the Government") have moved by Order to Show Cause for an order pursuant to 18 U.S.C. § 401 adjudging respondent Reed Halsted ("Halsted") in civil contempt of this court's September 20, 1983 order compelling Halsted to comply with an IRS summons served upon him on April 16, 1982. For the following reasons, the Government's motion is granted, and a fine of $100 per day will be imposed on Halsted if he fails to comply with the summons within ten (10) days after entry of this opinion and order.

**Facts**

This action arises out of a civil investigation by the IRS to determine the income tax liability of Halsted for the year 1980. On April 16, 1983, an IRS summons was served upon Halsted by leaving an attested copy of the summons at his home. The summons directed Halsted to appear before Revenue Officer Felske on May 4, 1983, at 300 Hamilton Avenue, White Plains, New York at 10:00 A.M. to testify and to produce for examination the books, records and other papers described in the summons. Halsted appeared at the IRS office on May 4, but he failed to produce the requested documents and asserted that he could not be compelled to do so because of the Fifth Amendment right against self-incrimination.

On August 19, 1983, the Government submitted a motion demanding that Halsted appear and show cause why he should not fully comply with the IRS summons. Oral argument was heard on September 20, 1983. Halsted, appearing *pro se* objected to enforcement of the summons on the basis of his Fifth Amendment privilege against self-incrimination. The court granted the Government's motion to enforce the summons but stayed enforcement of the summons for four weeks. Halsted did not move to vacate the September 20, 1983 order, and he did not appeal within 60 days after entry of the order.

On November 30, 1983, Assistant United States Attorney R. Nicholas Gimbel sent a letter to Halsted, attaching a copy of the transcript of the proceedings on September 20, 1983 and a copy of the court's endorsement enforcing the summons. Halsted subsequently met with Revenue Officer Felske on January 19, February 1 and April 2, 1984. At the April 2 meeting, Halsted refused to comply with the summons on the basis of his Fifth Amendment privilege. To date, Halsted has produced no documents and given no testimony in response to the IRS summons.

**Discussion**

An act of wilful disobedience to a clear and unambiguous order of a court constitutes contempt of court. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911); *In re Weiss*, 703 F.2d 653, 660 (2d Cir. 1983). The court has the power to deal with such disobedience in ways designed either to punish or to compel compliance. *In re Weiss*, 703 F.2d at 660; *see Ex parte Robinson*, 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205 (1873). This power is codified at 18 U.S.C. § 401, which provides:

A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; (2) Misbehavior of any of its officers in their official transac-

tions; (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

Halsted's refusal to produce the documents requested in the IRS summons enforced by this court on September 20, 1983 is covered by subsection (3) of section 401, which makes punishable disobedience of a lawful order of this court. Halsted continues to refuse to produce the documents requested on the basis of his Fifth Amendment privilege against self-incrimination. However, at the hearing on September 20, 1983, the court found that Halsted had failed to make the required showing with respect to the exercise of his Fifth Amendment privilege. Although Halsted submitted a thirteen page memorandum on the nature of the Fifth Amendment, he failed to make any showing as to why production of the summoned records might tend to incriminate him. "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination, it is for the court to say whether his silence is justified ...." *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118 (1951) (citation omitted); *United States v. Fox,* 721 F.2d 32, 40 (2d Cir.1983); *see In re Gilboe,* 699 F.2d 71, 74–75 (2d Cir.1983) (witness asserting privilege may be required to demonstrate "real and standard risk" that answers may tend to incriminate).

■ The determination that Halsted may not object to enforcement of the summons on Fifth Amendment grounds is *res judicata.* Halsted may not now relitigate the propriety of the enforcement order in this contempt proceeding. *United States v. Rylander,* 460 U.S. 752, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983); *Maggio v. Zeitz,* 333 U.S. 56, 68–69, 68 S.Ct. 401, 403, 92 L.Ed. 476 (1948). As the Court explained in *Maggio,* "[i]t is clear, however, that the turnover proceeding is a separate one and, when completed and terminated in

a final order, it becomes *res judicata* and not subject to collateral attack in the contempt proceeding." *Maggio,* 333 U.S. at 68, 68 S.Ct. at 403.

In *United States v. Edgerton,* 734 F.2d 913 (2d Cir.1984), the Second Circuit vacated a contempt order entered by the district court against a *pro se* taxpayer who refused to produce documents or answer questions in response to an IRS summons on the basis of his Fifth Amendment privilege. The Court did not quarrel, however, with the proposition that issues raised at the enforcement proceeding are *res judicata* at a subsequent contempt hearing. Indeed, the Court stated:

> The government is correct in its statement of this straightforward rule of law. The basic premise that the issues raised (or those that could have been raised) at an enforcement hearing are res judicata with respect to the same parties at a later contempt hearing was strongly endorsed by the Supreme Court in *United States v. Rylander, supra,* 450 U.S. 752, 103 S.Ct. [1548] at 1551–52 [75 L.Ed.2d 521]. And our decision in *[United States v.] Secor* [476 F.2d 766 (2d Cir.1973) ] is clearly in point. The appellant there was barred at his contempt hearing since he had raised it at the enforcement hearing, lost, and failed to appeal. 476 F.2d at 769.

*Id.* at 917 (footnote omitted).

In *Edgerton,* the Court concluded that the district court's determination that the documents had to be produced was *res judicata,* but it concluded that the basis for the contempt order was the taxpayer's refusal to answer three questions at the contempt hearing. While the taxpayer was foreclosed from objecting to compelled production of documents which were the subject of the enforcement order, he was not foreclosed from objecting to giving answers to questions, whether about those records or others. *Id.* at 920. Concluding that the taxpayer could assert his Fifth Amendment privilege with respect to the

compelled testimony, the Court vacated the contempt order.

■ Halsted has moved to vacate the enforcement order under Fed.R.Civ.P. 60(b) because he did not receive notice from the court of entry of the enforcement order. However, Halsted was present when the court orally stated its order. On the record, the court stated:

THE COURT: Now, I have granted the government's motion in the following terms:

Motion to enforce the IRS summons against this pro se respondent is granted, the respondent having failed to make the required showing with respect to the exercise of his Fifth Amendment privilege.

The enforcement of the summons will be stayed for three weeks to enable the respondent to obtain counsel or to obtain further facts with respect to the exercise of the privilege.

So ordered, today's date.

In fact, enforcement of the summons was stayed four weeks, but Halsted neither obtained counsel nor submitted additional facts during that period. In his December 6, 1983 letter to the Assistant United States Attorney, Halsted indicated that now he was aware of entry of the order he would "call Mr. Felske to arrange a mutually agreeable time to meet." The letter does not suggest that Halsted was waiting for a formal order so that he could take an appeal or move for reconsideration. Therefore, Halsted has demonstrated no prejudice from his failure to receive a written copy of the enforcement order, and Halsted's application to vacate the enforcement order is denied.

For the foregoing reasons, the court adjudges Halsted in civil contempt of the court's order dated September 20, 1983. A fine of $100 per day to commence ten (10) days after entry of this opinion and order will be imposed in the event Halsted fails to comply with the IRS summons.

**IT IS SO ORDERED.**