734 P.2d 243
**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John Willy JONES,
Defendant-Appellant.**

**No. 9628.**

Court of Appeals of New Mexico.

Jan. 6, 1987.

Certiorari Denied Feb. 23, 1987.

Paul G. Bardacke, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

ALARID, Judge.

Defendant appeals his conviction for criminal contempt. We affirm. Defendant raised five issues on appeal; however, defendant's issues are repetitive and may be consolidated into two issues. The issues on appeal, then, are whether NMSA 1978, Section 35-3-9 controls over NMSA 1978, Metro. Rule 12 (Repl.1985), and whether the metropolitan court's jurisdiction referred to in Rule 12(c) is restricted to the jurisdiction of magistrate courts in contempt matters as specified in Section 35-3-9.

FACTS

On August 21, 1986, defendant was held in contempt by the metropolitan court for failure to pay fines or do community service in lieu of the fines. Defendant was sentenced to six days incarceration in the Bernalillo County jail. He appealed to district court, where a hearing on the matter was held on September 29, 1986. At the hearing, defendant made a motion to dismiss the metropolitan court order, or in the alternative, to reduce the jail time from six days to three days pursuant to Section 35–3–9. Section 35–3–9 provides that magistrate courts may punish a contemnor by a fine not exceeding twenty-five dollars ($25.00) or by imprisonment for not more than three days, or both. Defendant's six-day sentence was, therefore, three days in excess of the allowable punishment as provided for by Section 35–3–9. However, Rule 12 allows the metropolitan court to sentence a contemnor within the limits of its jurisdiction. Defendant's motion was denied, the district court determining that Rule 12 authorized the metropolitan court to imprison a contemnor for up to one year.

The metropolitan court appeal disposition was filed on October 24, 1986. The district court found defendant guilty of contempt and affirmed the judgment and sentence of the metropolitan court.

### I. Whether Section 35–3–9 Controls Over Rule 12

Defendant argues that Section 35–3–9 should control over Rule 12 for several reasons. He argues that Section 35–3–9 should control because only the legislature has authority to establish the punishment for a crime, citing *State v. Peters*, 78 N.M. 224, 430 P.2d 382 (1967); the Supreme Court Rules Committee may not extend or limit the jurisdiction of the court, citing NMSA 1978, Magis.Crim. Rule 1 (Repl. 1985), and NMSA 1978, Metro. Rule 1 (Repl.1985); courts of limited jurisdiction are restricted in the exercise of their contempt power by the legislature and to allow Metro. Rule 12 to control would undermine the concept of separation of powers and the concept of criminal notice. And, finally, defendant asserts that Section 35– 3–9 must be held unconstitutional if Metro. Rule 12 is to control.

■ The power to punish for contempt is inherent in the court; its exercise is the highest form of judicial power. *State ex rel. Bliss v. Greenwood*, 63 N.M. 156, 315 P.2d 223 (1957); *see also State v. Case*, 103 N.M. 574, 711 P.2d 19 (Ct.App.), *rev'd on other grounds*, *Case v. State*, 103 N.M. 501, 709 P.2d 670 (1985). We agree with defendant that the legislature has some authority to restrict the exercise of the contempt power. However, defendant's reliance on the legislature's sole authority to establish punishment for a crime is misplaced. The primary purpose of criminal contempt is to preserve the court's authority and to punish for disobedience of its orders. *State ex rel. Bliss v. Greenwood; State v. Case.* We are concerned here with defendant's disregard of a court order, not of a crime against the state.

■ Section 35–3–9 need not be held unconstitutional for Rule 12 to control. Rule 12 reflects the supreme court's desire not to restrict the metropolitan court's ability to punish for contempt to the limits set by Section 35–3–9, and we are unable to overrule the supreme court. *See Alexander v. Delgado*, 84 N.M. 717, 507 P.2d 778 (1973). Thus, Rule 12 controls over Section 35–3–9.

### II. Whether Metropolitan Court Contempt Jurisdiction Is Restricted To That Of Magistrate Courts In Contempt Matters As Specified In Section 35–3–9.

Defendant questions the district court's determination that the metropolitan court's contempt jurisdiction for punishment pursuant to Metro. Rule 12(c) is imprisonment up to one year. However, the outer limit of the metropolitan court's jurisdiction need not be determined here. *See Reeder v. Bowman*, 64 N.M. 7, 322 P.2d 339 (1958). Defendant was only sentenced to six days incarceration, three days more than allowed by Section 35–3–9. Thus, we need only decide whether this three-day period exceeded the metropolitan court's authority. *Id.*

■ Defendant concedes that the metropolitan court is a magistrate court. *See*

NMSA 1978, § 34–8A–2 (Repl.Pamp.1981). Defendant also notes that NMSA 1978, Magis.Crim. Rule 35 (Repl.Pamp.1985) allows punishment for contempt of up to thirty days imprisonment and he questions whether Section 35–3–9 controls over Rule 35. Our reasoning as to why Metro. Rule 12 controls over Section 35–3–9 applies equally to Magis.Crim. Rule 35. Thus, we cannot overrule the supreme court's desire not to restrict the magistrate court's ability to punish contempt to the limits set by Section 35–3–9. *Alexander v. Delgado.* Therefore, Magis.Crim. Rule 35 also controls over Section 35–3–9. Since the metropolitan court is a magistrate court, defendant's sentence was properly within the limits of the Magis.Crim. Rule 35. Defendant's sentence was not in excess of the metropolitan court's authority.

For these reasons, we affirm the district court.

IT IS SO ORDERED.

DONNELLY and GARCIA, JJ., concur.