## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**West Virginia Department of Health
and Human Resources, Bureau for
Behavioral Health and Health Facilities,
Respondent Below, Petitioner**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 16-0781**  (Kanawha County 81-MISC-585)

**E.H., et al.,
Petitioners Below, Respondents**

## MEMORANDUM DECISION

Petitioner and respondent below West Virginia Department of Health and Human Resources, Bureau for Behavioral Health and Health Facilities ("the Department"), by counsel Elbert Lin, Andrew S. Dornbos, Charles R. Bailey, and Kelly C. Morgan, appeals the July 21, 2016, order of the Circuit Court of Kanawha County that granted the motion to enforce and for sanctions filed by respondents and petitioners below E.H., et al. Respondents, by counsel Lydia C. Milnes and Jennifer S. Wagner filed a response. Petitioner submitted a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This institutional reform case began in 1981, in the Circuit Court of Kanawha County, to address the deplorable conditions at the State's two psychiatric hospitals, Mildred Mitchell Bateman Hospital ("Bateman") and William R. Sharpe, Jr., Hospital ("Sharpe"). Because this Court recently recounted the case's long and extensive history in *West Virginia Department of Health and Human Resources v. E.H., et al.*, 236 W. Va. 194, 778 S.E.2d 643 (2015), the lengthy procedural facts that are not pertinent to this appeal will not be repeated here.

The instant appeal involves staffing and staff pay as part of the effort to improve patient care at the two hospitals. Following a hearing conducted before the circuit court in April 2009, which included evidence of chronic and severe understaffing, the parties entered into an Agreed Order that was designed to remedy a host of problems, including the staff-related issues. Relevant to this appeal is that portion of the July 2, 2009, Agreed Order that provided as follows:

10. Facilities:

      *(a)* [The Department] shall provide for increased pay for direct care workers at Bateman and Sharpe in order to (i) be able to recruit staff and retain existing

1

staff and (ii) preclude the practices of mandatory overtime and reliance on temporary workers (except in exceptional and infrequent contexts). *(See Attachment B.)*

(Emphasis added). Attachment B is a chart that, inter alia, set forth mandatory salary increases,[1] including the agreement to increase the pay of Health Service Trainees by $1,000, and Health Service Workers and Health Service Assistants by $2,000.[2]

Thereafter, in October of 2012, respondents filed a request for resolution in which it alleged, among other things, that the Department had not increased pay for health service trainees, workers, and assistants as set forth in Attachment B to the 2009 Agreed Order. Following a hearing thereon, the circuit court entered an order on December 11, 2012, in which it ordered, inter alia, that the Department must comply with paragraph 10(a) of the 2009 Agreed Order, above, regarding increased pay for health service employees at the two hospitals*;* that the increased pay "shall be for the exact amount listed in 'Attachment B' under the Proposed Increase column[;]"[3] that this pay increase "shall be implemented on or before January 1, 2013[;]" and that it is "prospective, meaning it shall be for those workers at Sharpe and Bateman Hospitals who are employed in the classes listed in 'Attachment B' on January 1, 2013 . . . ."

The Department subsequently filed a motion to alter or amend the December 11, 2012, order and a hearing was conducted. By order entered December 18, 2012, the circuit court denied the Department's motion and clarified that health service trainees, workers, and assistants employed on or after January 1, 2013, are entitled to pay raises effective January 1, 2013, as provided in the December 11, 2012, order. The December 18, 2012, order provided further that "[t]his Order applies equally to those whose employment continues as to those whose employment with the Department ends after January 1, 2013 . . . ." Finally, the order provided "that starting January 31, 2013, the Department will be held in contempt at the rate of $50 per day, per affected employee, for each day the employee does not receive funds for the raises effective January 1, 2013."

Following an April 24, 2014, hearing addressing the Department's efforts to recruit and retain full time employees at Bateman and Sharpe, the circuit court entered an order on June 3,

---

[1] As described in *E.H., et al.*, the evidence at the April 2009 evidentiary hearing demonstrated that "staffing vacancies were causing unsustainable working hours for clinical staff[;] . . . that increasing salaries would be an 'extremely effective' method for recruiting additional full-time employees[;]" and that "patients were being administered increased amounts of medication, a side effect of which is sedation, to treat their increased levels of anxiety attributable to understaffing and patient overcrowding." 236 W. Va. at 199, 778 S.E.2d at 648.

[2] According to the circuit court's order now on appeal, at the time the 2009 Agreed Order was entered, the base starting salary for a Health Service Trainee was $18,552; for a Health Service Worker, $19,488; and for a Health Service Assistant, $20,472.

[3] At some point, the Department gave retention incentives to its employees; however, the incentives were not in the specific amounts listed in Attachment B to the 2009 Agreed Order.

2014, in which it found that the base starting salaries for health service trainees, workers and assistants were the same as they were prior to the 2009 Agreed Order and that the Department continued to hire employees in those three classifications at pre-2009 Agreed Order base salaries. In other words, the Department failed to pay these employees the salary increases required by Paragraph 10(a) and Attachment B of the 2009 Agreed Order, and the December 18, 2012, order. Accordingly, in subparagraph (b) of the June 3, 2014, order, the circuit court directed that the Department

> *immediately implement a special starting salary for the three categories of health service workers as reflected in Attachment B to the 2009 Agreed Order. Employees in those three categories who have been hired and/or promoted to a new position since January 1, 2013, and who did not receive the benefit of the increased base salary must be retroactively compensated.* This additionally includes newly hired employees who were paid above the base salary as a result of prior experience, the percent of their increases based on prior experience must be increased to reflect the appropriate base wage. Moreover, the retroactive compensation must include changes to amounts paid in overtime (which should have been paid at 150% of the higher salary) and changes in amounts paid to retirement benefits on behalf of the employee.

(Emphasis added).

In subparagraph (a) of the June 3, 2014, order, the circuit court also directed that the Department

> develop a plan to (1) significantly reduce the number of staff vacancies at Sharpe and Bateman[;] (2) discontinue the practice of mandatory overtime except in exceptional and infrequent contexts; and (3) discontinue the reliance on temporary employees and contract workers to fill the vacant positions. Among other things, the plan should utilize the currently available options, as set forth in the policies of the Division of Personnel, to implement special hiring rates and incentives in order to recruit fulltime direct care employees. In doing so, [the Department] shall consider prevailing market wages in the respective market areas for the two hospitals. The plan shall further include requests to the Division of Personnel for retention incentives to encourage retention of existing hospital employees. The plan must provide a schedule for future proposals to the Division of Personnel to ensure that base salaries remain competitive and that additional retention incentives are distributed . . . .

The Department appealed the June 3, 2014, order to this Court.

Meanwhile, the Department developed a salary plan directed at recruiting and retaining employees as required by *subparagraph (a)* of the June 3, 2014, order, which plan was approved by the West Virginia Division of Personnel on October 10, 2014. On January 1, 2015, the Department implemented the new salary plan, which included new starting salaries for new hires in nearly all classes of direct care employees (i.e., doctors, nurses, and health service employees).

3

This Court affirmed the June 3, 2014, order in an opinion filed October 7, 2015. *See E.H., et al.*

Subsequently, in response to discovery requests seeking information on the Department's implementation of *subparagraph (b)* of the June 3, 2014, order, the Department stated, inter alia, that (1) it implemented a special starting salary for the three categories of health service employees as reflected in Attachment B of the Agreed Order, *effective January 1, 2015*; (2) it "issued salary increases in compliance with Attachment B of the Agreed Order effective January 1, 2013;" (3) no qualifying employee was excluded for any reason from the three categories of health service employees as reflected in Attachment B from receiving the January 1, 2013, salary increases; (4) overtime was paid in compliance with the January 1, 2013, salary increases and in compliance with Attachment B; and (5) retirement benefits were paid in compliance with Attachment B. The Department further stated that it was unaware of any employee who was owed retroactive compensation and "request[ed] specificity as to any specific individual who is alleged to have not received retroactive pay."

Thereafter, respondents provided the Department with information on a sampling of nine employees who were hired into the health service employee categories at issue[4] after January 1, 2013, and who were being paid the starting base salary in effect before the 2009 Agreed Order.[5] These employees were not receiving the increased salary required by the 2009 Agreed Order, and the December 18, 2012, order. Nevertheless, counsel for the Department thereafter advised respondents' counsel that none of the spot-checked employees were entitled to retroactive compensation.

On April 25, 2016, respondents filed a motion to enforce and for sanctions in which they alleged that the Department failed to comply with subparagraph (b) of the June 3, 2014, order. Specifically, respondents' motion alleged that the Department failed to immediately implement a new starting salary for the previously described categories of health service workers and retroactively compensate those workers. In response, the Department maintained that it had complied with the June 3, 2014, order.

Monica Robinson, then Director of the Department's Office of Human Resources Management, was deposed on May 9, 2016. She testified that the special starting salary that the Department implemented effective January 1, 2015, to purportedly comply with subparagraph (b) of the June 3, 2014, order, was, in fact, the salary plan the Department implemented to comply with *subparagraph (a)* of that order. Further, Ms. Robinson confirmed that the spot-check of the nine employees, described above, included employees who were hired between

---

[4] Out of the nine employees, only four were still employed by the Department as of May 9, 2016.

[5] According to the Department's brief, respondents believe there are more than 400 employees who were hired between January 1, 2013, and December 31, 2014, and who were not being paid pursuant to the 2009 Agreed Order.

4

January 1, 2013, and December 31, 2014, who were being paid the minimum salary for their position, which did not include the increased pay required by Attachment B to the 2009 Agreed Order. Ms. Robinson further acknowledged that the Department had not retroactively compensated any employee as a result of the June 3, 2014, order to provide them the amounts they should have been paid effective January 1, 2013. According to Ms. Robinson, the Department did not believe it was ordered to do so.

In a July 21, 2016, order,[6] the circuit court concluded, as a matter of law, that the Department admitted that it had not retroactively compensated any health service employees who were employed between January 1, 2013, and December 31, 2014, at the minimum salary for their position, nor had these employees been given the benefit of the increased salary as required by the 2009 Agreed Order and subsequent circuit court orders. Thus, the circuit court concluded that the Department had failed to implement its order of June 3, 2014, despite ample time to do so.

Accordingly, the July 21, 2016, order ordered the Department (1) to identify from its employment records those employees and former employees who were hired and/or promoted into the positions of health service trainee, worker, or assistant between January 1, 2013, and December 31, 2014; (2) to recalculate each of these employees' salary from the time of hire and/or promotion until December 31, 2014, using the increased salary applicable to that position, as required by the 2009 Agreed Order and the court's subsequent orders; (3) to recalculate the corrected overtime, retirement benefits, and any other benefits paid to these employees using the correct salary as the base figure; (4) to pay the difference between the correct compensation and the amounts actually paid to these employees in salary, overtime, retirement, and other benefits, from the time of hire and/or promotion to December 31, 2014; (5) to complete this review by August 31, 2016, and to provide the retroactive compensation to the affected employees by September 30, 2016; and (6) to be held in contempt and pay a penalty of $50 per day, per affected employee, for each day past September 30, 2016, that the retroactive compensation is not paid. It is from this order that the Department now appeals.[7]

In considering the circuit court's July 21, 2016, order, "[t]his Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 4, *Burgess v. Porterfield,* 196 W. Va. 178, 469 S.E.2d 114 (1996).

The Department's primary argument on appeal is that the circuit court erred in concluding that the Department failed to retroactively compensate employees in the three

---

[6] According to the July 21, 2016, order, a status hearing was conducted on May 25, 2016, at which time the parties represented that the record contained sufficient evidence for the court to rule on respondent's motion to enforce and for sanctions without any further evidence being taken at that hearing.

[7] By order entered September 14, 2016, upon the Department's motion, this Court ordered that the July 21, 2016, order be stayed pending resolution of this appeal.

5

categories of health service workers as required by subparagraph (b) of the June 3, 2014, order. As set forth above, subparagraph (b) required that the Department

> immediately implement a special starting salary for the three categories of health service workers as reflected in Attachment B to the 2009 Agreed Order. Employees in those three categories who have been hired and/or promoted to a new position since January 1, 2013, and who did not receive the benefit of the increased base salary must be retroactively compensated.

The Department contends that retroactive compensation was required only if employees in one of the three categories of health service workers were "hired and/or promoted to a new position since January 1, 2013" *and* "did not receive the benefit of the increased base salary." The Department argues that "[s]ince [it] gave the increased salary base to all its health service workers on January 1, 2015[,] as required by the plan developed under subparagraph (a) of the [June 3, 2014,] Order, then there were no such employees who qualified for the retroactive compensation." According to the Department, the July 21, 2016, order improperly altered and exceeded the scope of the circuit court's June 3, 2014, order.

Based upon our careful review of the record and the arguments of the parties, we find no error. In the context of this institutional reform litigation, this Court has stated "[t]hat the DHHR can be compelled to act in accordance with its prior agreements, as well as prior court orders, is beyond dispute." *E.H.*, 236 W.Va. at 210, 778 S.E.2d at 659. "Indeed, it is axiomatic that a circuit court has the inherent power to do those things necessary to compel a party's compliance with prior agreements, to enforce its prior orders, and to protect the court from acts obstructing the administration of justice, including the use of its contempt powers." *Id. See Clark v. Druckman*, 218 W.Va. 427, 435, 624 S.E.2d 864, 872 (2005) ((stating that "'[c]learly, a trial judge has the inherent power to do those things necessary to enforce its orders . . . .'") *quoting Levin, Middlebrooks, Mabie, Thomas, Mays & Mitchell, P.A., v. U.S. Fire Ins. Co.*, 639 So.2d 606, 608-9 (Fla. 1994)).

It is clear that one of the primary purposes of subparagraph (b) was to provide for an increase in pay for the three categories of health service workers who were employed at Bateman and Sharpe on or after January 1, 2013. To that end, subparagraph (b) directed the Department to immediately implement a specific pay increase for the three categories of health service workers as reflected in Attachment B to the 2009 Agreed Order and to retroactively compensate employees who should have received—but did not receive—the increase in pay beginning January 1, 2013. The evidence showed that, although special starting salaries were implemented under subparagraph (a) for the three categories of health service workers (as well as for other direct care employees) effective *January 1, 2015*, pay increases were not retroactively given to workers in these three categories who were hired and/or promoted on or after January 1, 2013. The Department's position—that it was not required to compensate these employees for this twenty-four month period simply because they received pay increases beginning January 1, 2015—is a misapprehension of the June 3, 2014, order. As the prior December 18, 2012, order, made clear, the three categories of health service workers "employed on or after January 1, 2013, are entitled to pay raises *effective January 1, 2013*[.]" In ordering that the Department recalculate the salaries and benefits of employees hired and/or promoted into the positions of health service

trainee, worker, and assistant between January 1, 2013, and December 31, 2014, and pay the correct compensation to the affected employees as specifically set forth in the July 21, 2016, order, the circuit court did not alter or exceed the scope of its June 4, 2014, order. Thus, we find that the circuit court did not abuse its discretion.

The Department also makes the attendant argument that the circuit court abused its discretion by imposing sanctions upon the Department without first providing it with the opportunity to comply with the "new terms" set forth in the July 21, 2016, order. As previously established herein, the July 21, 2016, order does not include "new terms" because it does not alter or exceed the scope of the June 3, 2014, order. Rather, the order now on appeal simply enforces the clear terms of the court's June 3, 2014, order, with which the Department has failed to comply despite ample time to do so.

> "The power to punish for contempts is inherent in all courts; its existence is essential to the preservation of order in judicial proceedings, and to the enforcement of the judgments, orders and writs of the courts and, consequently, to the due administration of justice." *In re Morrissey,* 305 F.3d 211, 217 (4th Cir. 2002) (citing *Ex parte Robinson,* 86 U.S. (19 Wall.) 505, 510, 22 L.Ed. 205 (1873)).

*In re Frieda Q.*, 230 W.Va. 652, 662, 742 S.E.2d 68, 78 (2013). *See Bartles v. Hinkle*, 196 W. Va. 381, 389, 472 S.E.2d 827, 835 (1996) (stating that the "trial court has broad authority to enforce its orders and to sanction any party who fails to comply with its . . . rulings"). This Court has further stated that "[t]he choice of imposition of sanctions for failing to comply with a court order lies with the trial court, and we will not lightly disturb that decision." *Id.*

Based upon our review, and under the facts and circumstances presented, we conclude that the circuit court did not abuse its discretion in imposing sanctions upon the Department in this matter. During the course of this lengthy institutional reform case, the Department has repeatedly failed to comport with various orders of the circuit court concerning the very specific required increase in pay for the three categories of health service workers, including, the 2009 Agreed Order, and the December 18, 2012, and June 3, 2014, orders, the specific terms of which have been recounted herein. The Department's repeated failure to compensate these health service workers undermines the ultimate goal of the pay increase, which is to improve patient care. The circuit court thus had the inherent authority to hold the Department in contempt and to impose sanctions.[8]

---

[8] Indeed, the imposition of sanctions should come as no surprise to the Department. As previously noted, in its December 18, 2012, order denying the Department's motion to alter or amend the December 11, 2012, order, the circuit court ordered that the Department implement pay increases for the exact amounts listed in Attachment B on or before January 1, 2013, and that "the Department will be held in contempt at the rate of $50 per day, per affected employed, for each day the employee does not receive funds for the raises effective January 1, 2013."

Furthermore, we reject the Department's claim that it was not afforded a meaningful opportunity to be heard on the issue of sanctions. At the properly noticed hearing on the motion to enforce and for sanctions, it was the Department that advised the circuit court that the (continued . . . )

Finally, the Department argues that the circuit court abused its discretion in ordering that health service trainees, workers, and assistants who were hired and/or promoted between January 1, 2013, and December 31, 2014, but who are no longer employed at the two hospitals, must also receive retroactive compensation. The Department contends that it "can think of no reason whatsoever that would support [the] decision to provide a windfall to former employees when the goal of such pay raises was to improve patient care by improving the hospitals' abilities to retain employees." We find no error.

Beginning with the 2009 Agreed Order, the circuit court directed that health service trainees, workers, and assistants at Bateman and Sharpe be given a specific pay increase. When the Department failed to comply with this directive, the circuit court entered subsequent orders on December 11, and 18, 2012, and June 3, 2014, that specifically required that the pay increase be given to those health service employees who were hired and/or promoted on or after January 1, 2013. The pay increase was ordered to be effective on January 1, 2013.[9] The fact that the Department failed to timely implement the pay increase on January 1, 2013, such that workers then employed at the two hospitals would immediately benefit, should not now inure to their detriment because the employees are no longer employed there. Accordingly, we conclude that the circuit court did not abuse its discretion in determining that health service trainees, workers, and assistants who were hired and/or promoted between January 1, 2013, and December 31, 2014, were entitled to the pay increase and shall be compensated retroactively.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis

---

deposition of Ms. Robinson and the exhibits attached to both the motion and response formed a sufficient evidentiary basis for the court to make its decision. Respondents agreed and the circuit court determined that no further evidence would be taken. Thus, the Department's claim that it was not afforded a meaningful opportunity to be heard on the issue of sanctions is without merit.

[9] As the December 18, 2012, order specifically directed, "[t]his Order applies equally to those whose employment continues as to those whose employment with the Department ends after January 1, 2013 . . . ." The Department does not now contend that it appealed this ruling.